IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TRACY LEIGH LINDSEY,            :

    Petitioner,            :

vs.                             :        CA 21-00024-KD-MU

JEFFREY BALDWIN,                :

    Respondent.

## REPORT AND RECOMMENDATION

Tracy Leigh Lindsey, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant "mixed" petition be dismissed without prejudice to allow Lindsey to exhaust his state remedies with respect to the numerous claims of ineffective assistance of counsel (directed to both trial and appellate counsel) he wishes to raise in his federal habeas corpus petition.

## FINDINGS OF FACT

On September 10, 2019, Lindsey was adjudged guilty by a jury of his peers of one count of second-degree burglary and was sentenced, on December 30, 2019, to a term of imprisonment of 45 years under Alabama's Habitual Felony Offender Statute. (*See* Doc. 31-1, PageID. 134). The Alabama Court of Criminal Appeals, in an

unpublished memorandum opinion issued on August 7, 2020, affirmed Lindsey's conviction and sentence. (*See* Doc. 31-2, PageID. 138-147).[1] Lindsey's petition for writ of certiorari was denied on July 9, 2021 (Doc. 31-3, PageID. 148), over seven (7) months after he filed the instant federal habeas corpus petition attacking his second-degree burglary conviction (*compare id. with* Doc. 1). Lindsey has not collaterally attacked his conviction and sentence in the state courts of Alabama (*see* Doc. 11, PageID. 32 (petitioner's express representation that other than his direct appeal, he filed no other attacks on the judgment of conviction and sentence he is attacking herein)); instead, he filed a federal habeas corpus petition/complaint in the Middle District of Alabama on November 30, 2020 (*see* Doc. 1), and, upon transfer to this Court (*see* Doc. 6), he filed his federal habeas petition on this Court's form on or about February 17, 2021 (*see* Doc. 11).

The face of Lindsey's habeas corpus petition suggests that he wishes to raise not only the claims he asserted on direct appeal (*see* Doc. 11, PageID. 36 & 37), but, as well, claims that he was unable to confront his accuser and that his co-defendant lied on the stand (*see id.*), [2] and his letter to this Court penned on July 1, 2021 suggests that

---

[1]    The sole claims raised by Lindsey on his direct appeal were that "the circuit court erred when it denied his request for a continuance to retain another attorney and when it failed to give a jury instruction on first -degree criminal trespass as a lesser-included offense." (Doc. 31-3, PageID. 139).

[2]    The undersigned would simply advise Petitioner that there is nothing on the record to show that he raised these two claims (that is, that he was unable to confront an accuser and that his co-defendant gave false testimony) at trial or on appeal and exhausted them in the state courts of Alabama. Indeed, the decision of the Alabama Court of Criminal Appeals firmly establishes that these two claims were not raised on direct appeal. As the undersigned appreciates Lindsey's various pleadings (*see* Docs. 30 & 37) filed after he filed his

he desires to raise numerous claims of alleged ineffective assistance of trial and appellate counsel (*see* Doc. 30, PageID. 118-20). Therefore, this Court entered an order affording Lindsey the opportunity to demonstrate why his petition should not be dismissed without prejudice for failure to exhaust his state remedies with respect to his ineffective assistance of counsel claims. Petitioner filed a response on August 16, 2021, in which he contends that he did everything he was told regarding his direct appeal, conflates his direct appeal with a Rule 32 (*compare* Doc. 37, PageID. 172 ("I was told that a [R]ule 32 was not in a direct appeal.") *with id.,* PageID. 176 ("I didn't [k]no[w] a [R]ule 32 had anything to do with my direct appeal.")),[3] but then at least partially

---

complaint on this Court's § 2254 form (*see* Doc. 11), the failure to raise these claims may inform one or more claims of ineffective assistance of trial or appellate counsel (*see generally* Docs. 30 & 37).

[3]   A direct appeal is decidedly different from a Rule 32 collateral attack. They are both mechanisms for attacking a judgment of conviction and sentence; however, they are different because certain claims must be raised on direct appeal while other claims can be raised for the first time in a Rule 32 petition. *See, e.g., Ex parte Dobyne,* 805 So.2d 763, 768 (Ala. 2001) (recognizing that a claim that could have been raised at trial or on direct appeal cannot be raised in a Rule 32 petition). In this case, to the extent Lindsey wishes to attack his appellate counsel's performance (by arguing that he should have raised other claims on direct appeal beyond the two claims he raised, for instance), Petitioner appears to realize that such an attack must come in a Rule 32 petition. (*See generally* Doc. 37). As for Lindsey's desire to attack certain acts or omissions of his trial attorney, the claim raised on appeal and decided by the Alabama Court for Criminal Appeals—whether the circuit court erred when it denied his request for a continuance to retain another attorney—does not constitute a direct attack on his trial counsel's performance (his acts or omissions before or at his trial) and was properly raised on direct appeal and addressed at length by the Alabama Court of Criminal Appeals (*see* Doc. 31-2, PageID. 139-144). As for the acts and omissions of Lindsey's trial counsel, it is likely, as indicated by the State in its answer and response (*see* Doc. 31, PageID. 127-28), that all such claims can be raised and decided in the first instance through the filing of a Rule 32 petition. *See Moody v. State,* 95 So.3d 827, 838 (Ala.Crim.App. 2011) (recognizing the general rule that claims of ineffective assistance of counsel may be raised for the first time in a Rule 32 petition but also recognizing that this general rule applies only when a claim of ineffective assistance cannot be presented in a motion for new trial).

concedes the State's exhaustion argument by admitting that he did not raise any claims of ineffective assistance of appellate counsel on direct appeal (*see* Doc. 37, PageID. 174).

Upon a review of the petition, as amended, the answer, and Lindsey's response, the undersigned concludes that the instant habeas corpus petition should be dismissed without prejudice because petitioner has not exhausted available state court remedies—through the filing of a Rule 32 petition in the Circuit Court of Mobile County, Alabama and appealing any denial by the trial court to the Alabama Court of Criminal Appeals and then to the Supreme Court of Alabama[4]—with respect to the numerous claims of ineffective assistance of counsel presented in his habeas corpus petition, as amended. The undersigned does not find it appropriate to rule on the merits of Lindsey's petition without first requiring that he exhaust available state remedies.

---

[4] "Petitioner is advised that the 'one complete round' exhaustion requirement of *O'Sullivan* applies to post-conviction review; if he is denied post-conviction relief he must appeal that ruling in order to properly exhaust state remedies." *Creamer v. Secretary, Dept. of Corrections,* 2012 WL 1072220, *2 n.3 (N.D. Fla. Feb. 10, 2012) (citations omitted), *report and recommendation adopted,* 2012 WL 1072021 (N.D. Fla. Mar. 30, 2012). In other words, he must appeal any denial of post-conviction relief (that is, Rule 32 relief) by the Mobile County Circuit Court to the Alabama Court of Criminal Appeals and if the appellate court affirms the trial court's decision, he must then seek rehearing in the Alabama Court of Criminal Appeals and, upon the denial of rehearing, file a petition for writ of certiorari with the Alabama Supreme Court. The steps he takes following the denial of post-conviction relief must mirror those he took when he filed his direct appeal as of right.

## **CONCLUSIONS OF LAW**

A federal court cannot grant relief unless the petitioner "has exhausted the remedies available in the courts of the [convicting] State." 28 U.S.C. § 2254(b)(1)(A). A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state [petitioners] give state courts a *fair* opportunity to act on their claims." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis in original; citations omitted). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state [petitioners] must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845, 119 S.Ct. at 1732; *see Heck v. Humphrey*, 512 U.S. 477, 480-481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994) ("The federal habeas corpus statute . . . requires that state [petitioners] first seek redress in a state forum."); *Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827, 1830, 36 L.Ed.2d 439 (1973) ("If . . . habeas corpus is the exclusive federal remedy . . ., then a [petitioner] cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").

A habeas claim is deemed to be exhausted when "it is fair to assume that further state proceedings would be useless." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct.

1056, 1060, 103 L.Ed.2d 380 (1989). This standard is met when the precise issue raised in a habeas petition has been "fairly presented" to the state's highest court. *See id*. (citation omitted). The exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]'"*Id*. (citation omitted). If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. *See Anderson v. Harless*, 459 U.S. 4, 6 & 7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982). Each and every claim raised in the petition must be exhausted to the state's highest court and it is the petitioner's burden to show that all claims have been fairly presented to that court. *See Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982) ("[O]ur interpretation of § 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."); *Morales v. Shannon*, 2007 WL 1877977, *3 (E.D. Pa. Jun. 27, 2007) ("A petitioner must exhaust state remedies as to each of his federal claims."); *United States ex rel. Quezada v. Uchtman*, 2006 WL 3341200, *2 (N.D. Ill. Nov. 16, 2006) ("[T]he petitioner must properly assert each claim at each and every level in the state court system, either on direct appeal of his conviction or in post-conviction proceedings.").

"When a habeas petition includes both unexhausted and exhausted claims,[5] and

---

[5] A habeas petition asserting both exhausted and unexhausted claims is a "mixed petition." *Rose v. Lundy,* 455 U.S. 509, 510 & 522, 102 S.Ct. 1198, 1199 & 1205, 71 L.Ed.2d 379 (1982); *see id.* at 520, 102 S.Ct. at 1204 ("[O]ur interpretation of § 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be

the state contests exhaustion, as Respondent does here, the federal court must: (i) dismiss the petition for lack of complete exhaustion; (ii) allow the action to proceed, if the petitioner dismisses his unexhausted claims;[6] or (iii) stay the action until the petitioner exhausts his claims in state court." *Martin v. Johnson,* 2013 WL 5606665, *2 (N.D. Ga. Oct. 11, 2013) (footnotes added), citing *Rhines v. Weber,* 544 U.S. 269, 274-278, 125 S.Ct. 1528, 1533-1535, 161 L.Ed.2d 440 (2005). The circumstances in which a stay will be granted are limited, *see, e.g., Tullis v. Albright,* 2012 WL 6062083, *2 n.2 (M.D. Ala. Oct. 25, 2012) ("'Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court[.]' [] The court finds that the limited circumstances in which *Rhines* applies are not found in this case, including the fact that Petitioner has failed to demonstrate good cause for her failure to exhaust any potential grounds for relief in a timely fashion."), *report and recommendation adopted,* 2012 WL 6062082 (M.D. Ala. Nov. 28, 2012), and the undersigned finds that this case is not one that should be stayed (as opposed to being dismissed without prejudice) pending exhaustion of state remedies with respect to Lindsey's ineffective assistance of counsel

---

sure that you first have taken each one to state court.").

      [6]      Petitioner has given no indication that he wishes to dismiss his unexhausted claims. (*See generally* Doc. 37). And this is a good thing because had he so indicated, the only claims he raises which this Court could have considered on the merits are the two claims he raised on direct appeal (that is, his claims that the circuit court erred when it denied his request for a continuance to retain another attorney and when it failed to give a jury instruction on first-degree criminal trespass as a lesser-included offense).

claims because dismissing this action without prejudice will not "threaten federal review because of the one-year limitation on filing habeas petitions." *Martin, supra,* at *2, citing *Rhines,* 544 U.S. at 274-278, 125 S.Ct. at 1533-1535. As reflected above, Petitioner's conviction and sentence were affirmed on appeal in an unpublished memorandum opinion issue on August 7, 2020 and the Alabama Supreme Court denied certiorari review on July 9, 2021. Moreover, giving Lindsey the benefit of an additional 90 days in which to seek review in the United States Supreme Court, his one-year limitations period (for filing his federal habeas petition) will not begin to run until October 7, 2021; therefore, not only is the present petition timely but Lindsey has a sufficient amount of time to collaterally attack his convictions and sentences, so long as he files his Rule 32 petition in the Circuit Court of Mobile County, Alabama by July 9, 2022 (*see* Doc. 31, PageID. 128 ("Lindsey has one year (July 9, 2022) to timely file a Rule 32 petition in the Mobile County Circuit Court challenging his conviction and sentence in accordance with Rule 32.2(c) of the Alabama Rules of Criminal Procedure.")), *see Coleman v. Stewart,* 2014 WL 948332, *2 (M.D. Ala. Feb. 13, 2014) ("Upon review of the pleadings and other materials filed in this case, it appears that Coleman has not presented his claims of ineffective assistance of appellate counsel to the state courts. Thus, it appears that Coleman has failed to satisfy the exhaustion prerequisite as to these claims. Coleman may present these unexhausted claims to the state courts through a state petition for post-conviction relief under Rule 32, Ala.R.Crim.P. A petition for relief under Rule 32 must be filed within one year of the entry of the certificate of judgment. *See* Ala.R.Crim.P. 32.2(c). This court does not deem it appropriate to rule on the merits of

Coleman's claims for relief without first requiring that Coleman exhaust the remedies available to him in the state courts. . . . Consequently, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Coleman can pursue his available state court remedies as to his unexhausted claim."), which will serve to toll the one-year limitations period, *see* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

Lindsey has admitted that he has not raised his many claims of ineffective assistance of counsel—at least his appellate counsel claims—in the state courts of Alabama (*see* Doc. 37, PageID. 174)[7] and, therefore, the undersigned finds that it would be inappropriate for this Court to rule on the merits of petitioner's unexhausted claims without first requiring him to exhaust available state remedies.[8]  A stay of this

---

[7] While Lindsey has backhandedly indicated that he raised ineffective assistance of trial counsel claims in his petition for writ of certiorari filed with the Alabama Supreme Court (*see* Doc. 37, PageID. 174), even if this is so that does not establish complete exhaustion of his state remedies respecting these ineffective assistance of counsel claims because the decision of the Alabama Court of Criminal Appeals on direct appeal addressed the two claims raised by Lindsey (*see* Doc. 31-2), neither of which constitute a direct attack on his trial counsel's acts or omissions at (or before) trial. In other words, regardless of the issues Lindsey presented to the Alabama Supreme Court, since he did not attack trial counsel's actual performance in the Alabama Court of Criminal Appeals, such claims cannot be regarded as having been exhausted in Alabama's state courts.

[8] Lindsey is forewarned that conclusory allegations of ineffective assistance of counsel will not serve him well during the course of his Rule 32 collateral proceedings. *See, e.g., Moody v. State, supra,* 95 So.3d at 837 ("To sufficiently plead an allegation of ineffective assistance of counsel, a Rule 32 petitioner not only must identify the specific acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment, but also must plead specific facts indicating that he . . . was prejudiced by the acts or omissions,

case pending the outcome of a state collateral proceeding is simply not warranted because petitioner has a sufficient amount of time to return to state court and toll the running of the one-year limitations period by filing a Rule 32 collateral attack **before July 9, 2022**, and then timely return to this Court to seek habeas corpus review. Therefore, Lindsey's petition is due to be dismissed without prejudice based upon his failure to exhaust state remedies. *See, e.g., Jimenez v. Florida Dept. of Corrections*, 481 F.3d 1337, 1342 (11th Cir.) ("If a petitioner has not exhausted all claims in a petition, a federal court must dismiss without prejudice both exhausted and unexhausted claims to allow petitioners to return to state court to exhaust state remedies for all claims."), *cert. denied sub nom. Jimenez v. McDonough*, 552 U.S. 1029, 128 S.Ct. 628, 169 L.Ed.2d 405 (2007).[9]

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute

---

i.e., facts indicating that there is a reasonable probability, that but for counsel's unprofessional errors, the result of the proceeding would have been different. A bare allegation that prejudice occurred without specific facts indicating how the petitioner was prejudiced is not sufficient.") (internal citations, quotation marks, and brackets omitted).

[9] "As to any future § 2254 petition (following one complete round of exhaustion as to all claims raised), Petitioner is advised that there is a one-year time limit for filing a § 2254 petition, which runs from 'the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review,' absent circumstances triggering a later commencement date. § 2244(d)(1)(A)-(D). The period is tolled for '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.' § 2244(d)(2)." *Creamer, supra,* at *2 (footnotes omitted).

makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the alleged underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether   (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as Lindsey has not exhausted all of his claims in the state courts of Alabama and this Court must dismiss all of his alleged constitutional claims to allow him to return to state court to exhaust his state remedies as to certain unexhausted claims, *see Jimenez, supra,* 481 F.3d at 1342 ("If a petitioner has not exhausted all claims in a petition, a federal court must dismiss without prejudice both exhausted and unexhausted claims to allow petitioners to return to state court to exhaust state remedies for all claims."), a reasonable jurist could not conclude either that this Court is in error in dismissing the

instant petition or that Lindsey should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report & recommendation adopted by* 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## **CONCLUSION**

The Magistrate Judge recommends that Tracy Leigh Lindsey's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice so that he can pursue those state court remedies (namely, a Rule 32 petition) available to him.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 20th day of August, 2021.

            s/P. Bradley Murray
          **UNITED STATES MAGISTRATE JUDGE**